Per Curiam.
 

 [¶1] D.W. appeals from a juvenile court order terminating his parental rights to D.M.W. On appeal, D.W. argues there was not clear and convincing evidence to support termination of his parental rights because the petitioner failed to prove deprivation is likely to continue, the juvenile court improperly found D.W. abandoned D.M.W, and the juvenile court erred by finding reasonable efforts were made to reunify the family. The juvenile court terminated parental rights based on several findings, including finding D.M.W. is subjected to aggravated circumstances under N.D.C.C. § 27-20-02(3)(f)(2) due to the length of D.W.'s incarceration. We conclude the juvenile court's finding D.M.W. is subjected to aggravated circumstances is supported by clear and convincing evidence, is not clearly erroneous, and independently supports the termination of D.W.'s parental rights.
 
 In Interest of Z.B.,
 

 2018 ND 6
 
 , ¶ 1,
 
 905 N.W.2d 561
 
 ("Any one of these three findings provides adequate and independent grounds for termination."). A finding of aggravated circumstances negates the requirement for reasonable efforts of reunification. N.D.C.C. § 27-20-32.2(4)(a) ("Reasonable efforts ... are not required if ... a parent has subjected a child to aggravated circumstances."). Because the juvenile court's finding relating to aggravating circumstances
 
 *427
 
 is not clearly erroneous, we summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).
 

 [¶2] Gerald W. VandeWalle, C.J.
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen