# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 211

In the Interest of C.E., a child

| | |
|---|---|
| Lisa Johnson, L.B.S.W, | Petitioner and Appellee |
| v. | |
| C.E., a child; | Respondent |
| and | |
| B.E., mother; B.H., father, | Respondents and Appellants |

### No. 20210264

Appeal from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Scott A. Griffeth, Judicial Referee.

AFFIRMED.

Per Curiam.

Diane K. Davies-Luger, Assistant State's Attorney, Fargo, ND,  for petitioner and appellee; submitted on brief.

Elizabeth J. Sundby, West Fargo, ND, for respondent and appellant B.E., mother; submitted on brief.

Jay R. Greenwood, Fargo, ND, for respondent and appellant B.H., father; submitted on brief.

**Per Curiam.**

[¶1]   B.H., the father, and B.E., the mother, appeal from a juvenile court's findings of fact and order terminating parental rights to C.E. On appeal, B.E. argues the court erred in finding she subjected the child to aggravated circumstances. Both B.H. and B.E. argue the court erred by finding by clear and convincing evidence the conditions and causes of the need for protection were likely to continue and by finding by clear and convincing evidence the child would likely suffer harm absent a termination of parental rights.

[¶2]   The juvenile court terminated parental rights based on several findings, including findings that B.H. and B.E. subjected C.E. to aggravated circumstances under N.D.C.C. § 27-20.3-20(1)(b), as C.E. had been exposed to controlled substances and neither parent had made substantial, meaningful efforts to secure treatment for one year. We conclude the court's finding C.E. was subjected to aggravated circumstances is supported by clear and convincing evidence, is not clearly erroneous, and independently supports termination of parental rights. *Interest of D.M.W.*, 2019 ND 8, ¶ 1, 921 N.W.2d 426 (exposure to aggravated circumstances is an adequate ground for termination of parental rights). Because N.D.C.C. § 27-20.3-20(1) provides for several independent grounds for terminating parental rights, and because we have affirmed the court's finding of aggravated circumstances, we need not address the court's other bases for terminating parental rights. *Interest of R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 (holding it is unnecessary to address parents' other challenges when one finding is sufficient to terminate parental rights). We conclude the juvenile court did not abuse its discretion in terminating parental rights, and we summarily affirm the order under N.D.R.App.P. 35.1(a)(2), (4), and (7).

[¶3]   Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers

Lisa Fair McEvers
Jerod E. Tufte